916 F.2d 712
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Eric HANLEY, Plaintiff-Appellant,
v.
Pattie WEBB, Steve Berry, Defendants-Appellees.
 No. 90-5399.
 United States Court of Appeals, Sixth Circuit.
 Oct. 19, 1990.
 
 1
 Before NATHANIEL R. JONES and RYAN, Circuit Judges, and WISEMAN, Chief District Judge.*
 
 ORDER
 
 2
 Eric Hanley, a pro se Kentucky prisoner, appeals the district court's dismissal of his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Hanley sued two corrections officials alleging that they discriminated against him when they denied his request for a transfer from the Kentucky State Penitentiary to the Kentucky State Reformatory. Hanley stated that defendant Webb denied his transfer on the basis of his sexual preferences, and the fact that he had received disciplinary reports for inappropriate sexual behavior. Hanley also alleged that defendant Webb violated his right of privacy when she released this confidential information to the inmate grievance committee. Hanley sought monetary damages, and a transfer to the Kentucky State Reformatory. The district court dismissed the complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d), finding that Hanley had no constitutionally protected interest in being transferred to or remaining in a particular prison.
 
 
 4
 On appeal, Hanley reasserts his claim and has filed a pro se brief. Defendants have notified the court that they will not be filing a brief.
 
 
 5
 Upon review, we affirm the district court's judgment as the complaint lacks an arguable basis in law. See Neitzke v. Williams, 109 S.Ct. 1827, 1831 (1989).
 
 
 6
 Hanley has no constitutional right to placement in a particular prison. See Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215, 225 (1976). Nor does Hanley have a state created liberty interest subject to due process protections. See Ky.Rev.Stat. Sec. 197.065.
 
 
 7
 We also conclude that Hanley's privacy rights were not violated when the information regarding his sexual preferences was released to the grievance committee. It appears that Hanley was actually the person who released the information when he filed a grievance challenging Webb's decision not to transfer him. In any event, Webb was justified in releasing the information in order to rebut Hanley's claim of unfair treatment.
 
 
 8
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas A. Wiseman, Jr., Chief U.S. District Judge for the Middle District of Tennessee, sitting by designation